IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WILLIAM B. LAY,

    Plaintiff,

v.                                                           CASE NO. 1:11-cv-167-MP-GRJ

UNITED STATES OF AMERICA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction. (Doc. 17.) Plaintiff has filed a response and Defendant was granted leave to file a reply. (Docs. 18, 21.) For the reasons discussed below, Defendant's motion is due to be **GRANTED**.

### I. Introduction

Plaintiff has brought a medical malpractice action against the United States pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1246(b), 2401, 2671-80. The action stems from injections he received at the Veterans' Affairs Hospital in Gainesville (VA) between May 5, 2007 and August 15, 2007. (Doc. 12.) Defendant has moved to dismiss the action for lack of subject jurisdiction because Plaintiff failed to properly present his claim in writing to the appropriate federal agency within two years after the claim accrued. (Doc. 17.)

Because Defendant challenges the Court's subject matter jurisdiction, the Defendant's motion is governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. Where, as here, the Defendant's challenge is a factual attack to the Court's

subject matter jurisdiction, the parties may submit – and the Court may consider – extrinsic evidence such as deposition testimony and affidavits. *Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F. 3d 1271, 1279 (11th Cir. 2009). The parties have done so here. The Defendant has filed a declaration from the VA's Regional Counsel (Doc. 17, Ex. "1") with attached copies of the administrative claims forms submitted by Plaintiff. Plaintiff has filed a number of unsworn documents, including *inter alia*, a copy of a February 24, 2011 letter from the VA's Office of the General Counsel advising Plaintiff that his request for reconsideration of his claim was denied.

## II.  Discussion

A federal court does not have "jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency . . . within two years from the time the claim accrues . . . accompanied by a claim for money damages in a sum certain." *Dalrymple v. United States,* 460 F.3d 1318, 1324 (11th Cir. 2006) (citing 28 U.S.C. §§ 2675, 2401(b); 28 C.F.R. § 14.2(a)).  The sum certain requirement serves to the inform the government of the maximum amount of a claim so that it can better evaluate whether to settle a claim or go to trial.  *See Turner v. United States*, 514 F.3d 1194 (11th Cir. 2008).

There are two issues with regard to whether Plaintiff timely and properly filed an administrative claim with the VA. First, the declaration of Gary R. Slemmens, VA Regional Counsel avers that Plaintiff's Standard Form 95, Claim for Damage, Injury, or Death ("SF-95") was submitted on August 24, 2009. (Doc. 17, Ex. 1, ¶3). According to Defendant, the last injection he received – which Plaintiff contends constitutes the negligent treatment – was on August 15, 2007, thus making August 15, 2009 the

deadline to file the administrative claim.  The SF-95 form, however, includes a notation that Plaintiff submitted the form to a "patient advocate" on August 14, 2009. Plaintiff contends that he was unable to sign the SF-95 form because he did not have his glasses and therefore he had someone else sign for him.  (Doc. 18, p. 3.) There is, therefore, an issue of whether Plaintiff submitted the SF-95 within two years.

There is a more fundamental problem with the SF-95 form. In addition to the fact that Plaintiff did not sign the SF-95 form, Plaintiff did not include a demand for a sum certain but rather only wrote "To Be Decided."  The effect of failing to include a demand for a sum certain was not a technical deficiency. As noted directly above the space where Plaintiff wrote "To Be Decided," the SF-95 form includes the warning "Failure to specify may cause forfeiture of your rights." (Doc. 17, Ex. 1, p. 3.)  Therefore, even if the SF-95 was filed timely (i.e. on August 14, 2009 and not on August 24, 2009) the SF-95 submitted in August 2009 failed to contain a sum certain - a requirement to make an administrative claim complete.  It is well settled that  "When the sum certain is omitted, the administrative claim fails to meet the statutory prerequisite to maintaining a suit against the government, and leaves the district court without jurisdiction to hear the case." *Suarez v. United States,* 22 F.3d 1064, 1065 (11th Cir. 1994). Accordingly, because Plaintiff did not include a demand for a sum certain in his administrative claim Plaintiff has failed to meet the statutory prerequisites for suing the VA.

There is a second problem with Plaintiff's administrative claim. Plaintiff field a second SF-95 form with the VA on September 4, 2009 which included a $50,000 claim for damages.  (Doc. 17, Exh. B.)  The second SF-95 form was filed after the expiration of the two-year statute of limitations. Plaintiff incorrectly assumes that by filing the

second SF-95 form with a demand for a sum certain he cured the statutory deficiency in the first administrative claim. That is not the case.  In *Dalrymple v United States* the Eleventh Circuit held that the correction of the omission of the sum certain requirement in an administrative claim form by filing another administrative claim form one month later is not sufficient to correct the error despite the government's lack of prejudice. 460 F. 3d at 1326. Consequently, because the August 2009 SF-95 form was jurisdictionally deficient as a result of Plaintiff's failure to include a demand for a sum certain, the untimely filed September 4, 2009 second SF-95 form was insufficient to cure the requirement that a claimant must file a claims form with a demand for a sum certain with the appropriate agency within the two-year statute of limitations to satisfy the prerequisite to bringing suit against the government under the FTCA.  Accordingly, the Court does not have subject matter jurisdiction over Plaintiff's claim under the FTCA.

## Recommendation

In view of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion to Dismiss for Lack of Jurisdiction, doc. 17, should be **GRANTED.**

**IN CHAMBERS** in Gainesville, Florida, on April 16, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**
Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.